BANK OF THE STATE OF MISSOURI, Respondent, *vs.* PHILLIPS, Appellant.

1. It is no defence for an endorser who is sued upon a note, that he endorsed it upon the express condition that it should also be endorsed by another person, when it does not appear that the plaintiff knew of this condition.

*Appeal from New Madrid Circuit Court.*

*J. D. Cook* and *Delafield*, for appellant.
*A. H. Buckner*, for respondent.
GAMBLE, Judge, delivered the opinion of the court.
3—VOL. XVII.

The Bank sued Phillips as endorser of a promissory note made by Ephraim H. Fletcher, and payable to Phillips. The defendant filed an answer, denying notice of non-payment. He afterwards filed an additional answer, alleging that at the request of Fletcher, he and one Byrne endorsed a note for the accommodation of Fletcher and Byrne, and that the same was renewed from time to time with Byrne and defendant as endorsers; that the note sued on was intended as a renewal of the note then due, and that defendant endorsed it upon the express condition that it should be endorsed by Byrne; that by collusion of said plaintiff and said Byrne, the said (here is a blank in the petition) agreed that Byrne should not further endorse said note, and that the same should be renewed on the endorsement of the defendant alone, who made the endorsement upon the express condition that the note should be endorsed by Byrne before it was delivered to the Bank. This additional answer was afterwards stricken out, and upon a trial judgment was given for the plaintiff. The only question saved upon the record is, whether the additional answer was rightfully stricken out.

1. As it does not appear in what form the previous notes were given and endorsed, it is to be presumed they were in the same form with that now sued on. This is a note payable to the defendant alone, and of course he would be the first endorser, and as such would be liable to pay the whole note to any subsequent holder for value, and if Byrne had been a subsequent endorser and had taken up the note, he would have been entitled to recover the whole amount from the defendant, if the case depended upon the mere order of the endorsements, unaffected by any evidence beyond them. Now this answer does not intimate that the Bank knew any thing of the relations of the parties to the note, or for whose accommodation it was made, nor is there any hint that the bank had any notice of the condition, or understanding, upon which the defendant endorsed it. If the answer should receive the most favorable construction for the defendant that can be given it, it

amounts to nothing more than that the plaintiff agreed to receive the note endorsed by the defendant, as a renewal of a former note upon which Byrne also was endorser, and that, without any notice or knowledge of any conditions or understanding connected with the endorsement by defendant.

The answer was rightfully stricken out, and the judgment is, with the concurrence of the other Judges, affirmed.