————o————

EDWARD A. WHITTEMORE, *et al.*, Respondents, *vs.* EPHRIAM G. OBEAR, *et al.*, Appellants.

1. *Bills and notes—Innocent indorsees—Validity—Misrepresentations.*—Negotiable notes or indorsements in the hands of indorsees, though made simply for the accommodation of the original debtor, could be enforced against such makers or indorsers, although procured by misrepresentations made by the debtor to such makers or indorsers, if the indorsees or holders were not privy to the misrepresentations or frauds or unfulfilled promises of the debtor.

2. *Bills and notes—Validity—Surety—Agent, fraud or misrepresentations of.*— If a surety on a negotiable instrument makes the principal his agent, and the agent is only authorized to deliver it on certain conditions, not complied with by the agent, the surety cannot defend on the ground of frauds or misrepresentations made by his agent.

3. *Composition—Signature of all creditors —Waiver—Surety —Liability.*—A composition agreement between creditors and their debtor and his surety provided that the surety should indorse certain notes of the debtor, provided that all creditors to amounts exceeding $200.00 should sign. *Held,* that it was the duty of the surety to see to it that all such creditors had signed the agreement, and that his indorsement of the notes, as to a creditor who was ignorant of any failure in the fulfillment of the condition, or its procurement by fraud, was a waiver of that condition, and that he could not avail himself of such failure or fraud against such creditor; and even if the creditor was aware of such failure or fraud, and chose to waive the objection, it did not lie in the mouth of the surety to set it up as a defense.

*Appeal from St. Louis Circuit Court.*

*M. L. Gray with John M. Holmes,* for Appellants.

I. The contract was joint, and all creditors are affected by the frauds of the others. The receipt of a cash bonus by some of the creditors was a fraud which avoided the whole agreement. (Doughty vs. Savage, 28 Conn., 146; 42 Mo., 403; 1 Sto. Eq., 10 Ed., 324, 378, 379.) Although plaintiffs themselves received no bonus, still the fraudulent conduct of other creditors in so doing, gave plaintiffs the power to rescind the whole agreement; *a fortiori* if plaintiffs could the indorser could. (Pendlebury vs. Walker, 4 Younge & Collin, 440; Sullivan vs. Collier White Lead Co., 42 Mo., 397.) The refusal of some of the creditors having claims of over two hundred dollars to sign said agreement, was such a breach thereof as avoided it *in toto.* (Forsyth Comp., p. 61 and following; Spooner vs. Whiston, 8 B. Mon., 580; Johnson vs. Baker, 4 B. & Ald., 440; Enderby vs. Corder, 2 C. & P., 203; Doughty vs. Savage, 28 Conn., 146.) The validity of the indorsement depends on the validity of the agreement, and that being void, the indorsement is void.

II. Defendants complain of the instruction No. 2, given by the court, for two reasons: 1st. The court erred in inserting the clause requiring defendants to prove that plaintiffs were apprised, at or before the time they signed the agreement, that defendants had agreed to indorse the twelve months notes, and of the information or statements given the defendants at the time they agreed to indorse; because it was entirely immaterial whether plaintiffs were aware of what representations were made to defendants—defendants not claiming that any representations were made to them other than those embraced in the agreement of compromise signed by plaintiffs. (Johnson vs. Baker, 4 B. & Ald., 440.) 2d. Defendants complain of that clause contained in said instruction No. 2, given by the court, which requires defendants to prove that "the fact that all creditors having claims over two hundred dollars did not sign said agreement, was unknown to

defendants." The law is, as presented in defendant's instruction No. 7, if any creditor having a claim over two hundred dollars refused to sign, unknown to defendants, that fact avoided the agreement. (Doughty vs. Savage, 28 Conn., 146.)

*J. Wickham*, for Respondents.

I. The fact that some of the creditors of Beardslee & Co., whose claims exceeded $200, failed to sign the compromise agreement, does not affect the validity of the note sued on, provided that fact was known to appellants, or either of them, at the time of indorsing the notes, notwithstanding which knowledge they elected to indorse and deliver the notes; for by so doing, they waived that objection to the validity of the notes, and assumed the liability of indorsers, notwithstanding the fact that the terms of the compromise agreement had not been fully complied with. (Doughty vs. Clark, 28 Conn., 152; Kintzing's Assignee vs. Bartholow, 1 Dill., 157.)

II. The fact that a portion of the assets embraced in the statement of Beardslee Bros. & Co., was used by them for the purpose of paying bonuses to some of their creditors to induce them to sign the compromise agreement, is no defense to this action, unless it is proven to the satisfaction of the jury, that such payments were concealed from and unknown to appellants at the time they indorsed the compromise notes, or unless it is proven that respondents received a bonus for their signature, or consented that bonuses should be paid to other creditors. The mere fact that a fraud is practiced by a principal debtor upon his surety in obtaining the signature of the surety, does not discharge the surety unless such fraud was practiced with the knowledge and consent of the obligee. (Berge Suretyship, p. 218; Graves vs. Tucker, 10 Sm. & Mar., p. 923: Burks vs. Wonterline, 6 Ky., (Bush.) p. 23; Bank State of Mo. vs. Phillips, 17 Mo., 29.) The notes cannot be affected in the hands of plaintiffs by any false statements or representations made to appellants by Beardslee Bros. & Co., without the knowledge or consent of respondents. (Spelter vs. James, 32 Ind., 209; Quinn vs. Hard, 43 Vt., 377-8.)

III. Whatever effect this court might be disposed to give to said facts, that all the creditors whose claims exceeded $200 did not sign, and that bonuses were paid to other creditors to induce them to sign the compromise agreement, as between the parties to said agreement themselves, still those facts can have no effect to release appellants, unless their indorsements were procured by a fraud participated in by both parties to the agreement.

IV. It is a well established principle of law, that when one of two innocent parties must suffer by the fraud of a third, he who trusted such third party and enabled him to commit the fraud shall bear the loss. Obear & Co., by indorsing and delivering the compromise notes, put it in the power of Beardslee Bros. & Co. to commit the fraud complained of; and cannot now ask to be released from the consequences of their indorsement, on the ground that the conditions of the compromise agreement had not been performed.

NAPTON, Judge, delivered the opinion of the court.

This is an action by Whittemore & Co. upon a negotiable note signed by Chas. Beardslee Bros. & Co., and dated June 10, 1870, for $888.34, payable twelve months after date, at the National Park Bank, New York, indorsed by Chas. Beardslee Bros. & Co., and E. G. Obear & Co., and protested for non-payment.

The defense against the note, by the defendants, Obear & Co., is substantially this: In the spring of 1870, the firm of Chas. Beardslee Bros. & Co. was in a tottering condition, and negotiation was set on foot with their creditors, to bring about a composition, and avoid bankruptcy. The New York creditors sent a committee to Chicago to confer with Chas. Beardslee Bros. & Co., and the result was that the creditors agreed to take fifty cents on the dollar on their claims, to be paid by notes at six, nine and twelve months, provided Chas. Beardslee Bros. & Co. would get an indorser for the notes at twelve months. This agreement was to be signed by all the creditors who had demands over $200. The plaintiffs signed

the agreement, took the notes of Chas. Beardslee Bros. & Co., and on the note at twelve months accepted the indorsement ·of the defendants, Obear & Co.

The defendants now say in defense against their liability, that all the creditors over two hundred dollars did not sign, and that to procure the signatures of some who did sign, one of the firm of Chas. Beardslee Bros. & Co. expended considerable sums of money, amounting altogether to $27,000.00, in getting certain creditors, not the plaintiffs, to agree to this composition.

It is obvious from the statement, that the main questions of fact on which the liability of the defendants depended, are first, whether their indorsements were obtained on fraudulent and false misrepresentations, or whether, at the time of their indorsements they were apprized of the facts on which the supposed misrepresentations were based. And, second, supposing the defendants were imposed upon, the question remains whether they are not still liable, if the plaintiffs took the note in good faith and without any knowledge of such imposition.

The instruction on which the case was tried, is as follows: " If the jury believe from the evidence in this case, that in the spring of 1870, the firm of Chas. Beardslee Bros. & Co., being then insolvent, delivered to the defendants for their inspection and examination the printed statement of their assets and liabilities, read in evidence, and informed the defendants that they had made a proposition to their creditors to effect a compromise of their indebtedness, and an extension of time for the payment thereof; and if the jury further believe that the proposition so communicated to the defendants contained the same provisions and agreements as the paper referred to by the witness as the compromise agreement, and read in evidence in this case, and that the defendants, thereupon believing and relying upon such information, agreed with said firm to become the indorsers of the twelve months notes mentioned in said proposition, in the event of said proposition being accepted by the creditors embraced in

it; and if the jury further believe that thereafter the said firm represented to the defendants that the proposition so communicated to the defendants had been accepted by the said creditors, and that the defendants thereupon, and for the accommodation of said firm, and without any consideration paid them therefor, indorsed and delivered to said firm the notes referred to by the witnesses, having been indorsed by defendants for said firm, and that among them was. the note here sued on, and that it was delivered to the plaintiffs by said firm, and that the plaintiffs did sign said paper read in evidence, and were apprised at and before the time of so doing, that defendants had agreed to indorse said twelve months notes, and of the information and statements given the defendants at the time they so agreed to indorse, then the jury are instructed, that if they also further find from the evidence, that all the creditors of said firm of Chas. Beardslee Bros. & Co. having claims above $200 did not sign said paper read in evidence, which fact was not known to defendants, or either of them, when they indorsed said notes, or if they believe from the evidence, that any one of said creditors who did sign said paper received from said firm out of its assets, any sum in addition to said notes, as a consideration or bonus to sign said paper, which was not known to defendants, or either of them, when they indorsed said notes, then the jury must return a verdict for defendants. And in determining whether said defendants, or either of them, knew whether all of said creditors signed said paper, or whether any sum in addition to said notes was received by any creditor signing said paper, as a consideration or a bonus therefor, the jury will take into consideration all the facts and circumstances disclosed by the evidence in this case."

This instruction is complicated, and the really disputed facts and the law arising on them might have been stated, perhaps, more clearly. The result of the instruction, however, is, that plaintiffs were entitled to recover, unless the defendants were imposed on by false representations of the Beardslees, and the plaintiffs knew of such false representa-

tions, and the question for our determination is, whether this is a correct statement of the law applicable to the facts of this case.

There can hardly be a question, that if the defendants, when they indorsed the note sued on, were aware of the facts that some of the creditors had not signed the composition deed, and that the signature of others had been procured by a bonus advanced by the Beardslees, they would be liable, without regard to any misrepresentations on these points made by the Beardslees. The indorsement of the notes, under such circumstances, would clearly be a waiver of all objections based on the act or misrepresentations of the Beardslees. Assuming, however, that the defendants had no such information, and relied on the false statements made to them by the Beardslees, the question is, whether they are not still liable, if the plaintiffs had no hand in this fraudulent imposition and knew nothing of it.

The Circuit Court held that they were, and we think, although the authorities are not altogether harmonious, that the Circuit Court decided rightly. Aside from the composition agreement, negotiable notes or indorsements, in the hands of indorsees, though made simply for accommodation of the original debtor, could be enforced against such makers or indorsers, though procured by the debtor through misrepresentations made to said makers or indorsers, if the indorsees or holders were not privy to the misrepresentations or frauds or unfulfilled promises of the indorsers or makers. (Quinn vs. Hard & Lane, 43 Vt., 375.)

This is well settled here as well as elsewhere. If a surety on a negotiable instrument makes the principal his agent, and the agent is only authorized to deliver it on certain conditions not complied with by the agent, the surety cannot defend on the ground of frauds or misrepresentations made by his agent. (Ayres vs. Milroy, 53 Mo., 516 ; Smith vs. Clark Co., 54 Mo., 77.)

This is on the principle that where one of two innocent parties must suffer, the one who has been guilty of such

laches as to put the other off his guard, ought to bear the loss. It is urged, however, that the principle above stated has no application in this case, where the composition agreement itself, which the plaintiffs signed, and of the terms of which they were of course fully cognizant, required all the creditors who had claims over $200, to execute the agreement. The defendants therefore never promised to indorse the note until all the creditors had signed, as the agreement required they should.

The fact that the defendants were under no obligation to indorse the twelve months notes of the Beardslees, until all the creditors (over a specified sum) had signed, is one which seems to show that the plaintiffs, who were necessarily uninformed on this subject when they signed the paper or composition agreement, had a right to infer from such indorsement, presented to them by the defendants' agents, that the defendants had ascertained this fact before indorsing. It was their business to do so—it was a matter of great importance to them and of no importance to plaintiffs, provided the indorsement was valid. The plaintiffs might not be bound by the composition agreement, if all the creditors did not sign—but if they chose to waive this matter, so far as they were concerned, and take the indorsed notes for fifty cents on the dollar of their claims, and give up their claims on the receipt of the notes, it does not lie in the mouth of the defendants to set up any such waiver of the plaintiffs as a bar to their recovery. The indorsement of defendants, under the circumstances, was equivalent to their saying to plaintiffs: "It was our interest to see that all the creditors signed the agreement —we were under no obligations to become sureties except they all did—we have ascertained the fact, that they all did sign ; and therefore we have indorsed the notes as sureties." How else could the plaintiffs understand the transaction? The defendants indorsed the twelve months notes, after ascertaining that all the creditors had accepted the composition, or were willing to waive the want of such signatures, if any such were wanting.

We have been referred to two cases which are said to take a different view. One is the case of Johnson and others vs. Baker, (4 Barn. & Ald., 440), and the other is a decision of the Supreme Court of Connecticut, in Doughty vs. Savage, (28 Conn., 152). The last is the one mainly relied on, as the facts in Johnson vs. Baker are quite dissimilar to the present. In this case of Johnson vs. Baker a deed was made, in which the debtor, his sureties and the creditors, were all made parties. The plea of *non est factum* was put in by the sureties. It appeared from the evidence, that after the deed was executed and signed by the debtor and the sureties, and some of the creditors, there was a conversation respecting the difficulty which might arise in case all the creditors did not execute the deed, when it was stated that the deed should be void unless all the creditors signed it. At this conversation the plaintiffs were not present, and the defendant (one of the sureties) subsequently, but at the same interview, executed the deed in the ordinary way, and without saying anything at the time of the execution. The deed was delivered to one of the creditors, who was to get it executed by the other parties.

Abbott, Ch. J., at the trial thought that the condition previously expressed, although not introduced into the act of delivery, was sufficient to make this a delivery of the deed as an *escrow*, and as it appeared that the condition had not been complied with, he held the plaintiffs not entitled to recover, and directed a non-suit. And of this opinion was the court of Kings Bench, on a motion to set aside the non-suit.

The issue in that case was upon the delivery of a deed—there is no such issue here—the delivery of the notes of Beardslee Bros. & Co., indorsed by the defendants to the plaintiffs is undisputed, and it is undisputed that such delivery was made with authority from the defendants so to deliver them.

In the case of Doughty and others vs. Savage, the plaintiffs took from the debtor, without the knowledge of the defendant, who was a surety, the notes of the debtor for the

balance of the indebtedness not covered by the composition notes, and by an arrangement with the debtor they signed the composition agreement, upon condition that the indebtedness included in the compromise should include a debt due from another party. The court held that these acts by the plaintiffs were a fraud upon the defendant, and that the plaintiffs could not recover upon the notes indorsed by defendant; and this conclusion was manifestly correct.

In this case it also appeared that one of the creditors had not signed the composition agreement, and that this agreement, in order to be binding on the creditors who signed it, was to have been signed by all the creditors, and the court held that the fact that one of the creditors had not signed, was of itself a defense against the note sued on, unless the defendant expressly waived this, or knew that the creditor had refused to sign, and that the other creditors had agreed to dispense with his signature.

Upon this point, the court observed : " The validity of defendant's indorsement must depend on the validity of the compromise agreement, which it was designed to effectuate, and to which the indorsement was like other contracts of suretyship, accessory or collateral. In regard to that agreement, it was one of its express stipulations that it should not be binding on any of the parties, unless it should be signed by all the creditors of the debtors therein mentioned. No authority can be necessary to show that without a compliance with that stipulation, the agreement would not take effect as a consummated contract, unless the execution of it by some of the creditors should be dispensed with."

In these observations of the learned judge who delivered the opinion of the court, he seems to have been of the opinion that if a creditor who signed a contract of composition could for any reason avoid his obligation to let off his debtor on the terms specified in such agreement, the composition deed was totally void as to all the creditors, and as to the debtor and his sureties, although such creditor should decline to avail himself of this right, and should accept the securities offered.

19—VOL. LVIII.

---

---

' The case was decided rightly, beyond question, but we think the observations above quoted go further than principle or adjudicated cases warrant.

In regard to the misrepresentation alleged to have been made to defendants, or their ignorance of the fact that bonuses had been given by the Beardslees to induce some of the creditors to sign the deed of composition, we do not see how the plaintiffs, who received no such bonus, as is admitted on both sides, can be affected. This defense might be available against all the creditors who received a bonus to induce their signatures, but it is conceded that the plaintiffs received no money or notes, beyond what they were authorized to receive under the composition agreement.

The judgment must therefore be affirmed; the other judges concur, except Judge Lewis, who was not on the bench when this case was argued and submitted.