[Civ. No. 1456.   Second Appellate District.—June 10, 1916.]

JOHN TISCHHAUSER, Respondent, v. A. S. PRENTICE et al., Defendants; W. J. BRYANT et al., Appellants.

PROMISSORY NOTE—CONSIDERATION—CONFLICTING EVIDENCE—FINDINGS CONCLUSIVE.—In an action on a promissory note, where two of the comakers of the note contend that it was given in consideration of the payee desisting from further prosecution of the third maker on a criminal charge, but the evidence is conflicting upon this issue, the findings of the trial court in favor of the plaintiff are conclusive on appeal.

ID.—DELIVERY OF NOTE IN VIOLATION OF CONDITION—IGNORANCE OF PAYEE OF CONDITION—VALIDITY OF NOTE.—In an action upon a promissory note executed by three parties, where two of the makers

contend that they signed and delivered the note to the third upon the condition that he should obtain the signatures of two other parties before delivering it to the payee, which condition was not fulfilled, the breach of the condition is not a defense to an action upon the note, where the payee was not advised of the condition at the time of its acceptance; and the same is true of a defense that the signatures of these parties were obtained by fraud practiced upon them by the third party, the payee having no knowledge of these facts.

ID.—CONSIDERATION—EXTENSION OF TIME FOR PAYMENT OF DEBT.—The extension of time for payment of a debt presently due is a valuable and sufficient consideration for a promissory note given for the amount of the debt.

APPEAL from an order of the Superior Court of Los Angeles County refusing a new trial.   John M. York, Judge.

The facts are stated in the opinion of the court.

Johnstone Jones, Jacob A. Visel, and V. J. Cobb, for Appellants.

Len Claiborne, and Ben Goodrich, for Respondent.

CONREY, P. J.—The defendants W. J. Bryant and Lorenzo D. Swartwout appeal from an order denying their motion for a new trial.  The judgment is founded upon a note for $623, payable to the plaintiff and signed by the defendants Prentice, Bryant, and Swartwout.  As stated by counsel for appellants, their chief contentions are that they signed the note and delivered the same to their co-obligor Prentice on a condition which was not performed; that the consideration for the note was illegal; and that their signatures were obtained by fraud exercised by defendant Prentice in procuring such signatures.

At the trial appellants amended their answer and thereby alleged that at the time of accepting the note the plaintiff had full knowledge of the circumstances attending their execution of the note, and knew that the defendants signed said note merely as sureties thereon, and agreed to deal with them in the capacity of sureties and not as principals.  But it was admitted at the trial that the note was delivered to plaintiff without knowledge on his part that its delivery was contrary

to any instructions given by appellants to Prentice, and their counsel state in their final brief that the law of suretyship and the fact that appellants were sureties "are almost foreign to this case."

The facts are that prior to the execution of this note the defendant Prentice was in debt to plaintiff in the sum of $623, which is the principal sum named in the note. The plaintiff was pressing for payment and at the same time a criminal action against Prentice was pending in the police court of the city of Los Angeles under complaint charging Prentice with having obtained money by false pretenses, and the plaintiff John Tischhauser was the complaining witness in that action. Appellants by their answer in this action alleged that the note in suit was delivered to plaintiff and accepted by him in consideration of his desisting from further prosecution of Prentice on said criminal charge. There is some evidence in the record tending to support this defense, but there is also substantial evidence to the contrary, and the charge was flatly denied by the plaintiff. Therefore, the court's finding of fact is conclusive, and appellants in further urging illegality of consideration as a ground for sustaining their appeal are contending in vain against established facts.

The second defense contained in the answer of appellants was that they signed the note and gave the same to Prentice upon condition that he should obtain the signatures of Alec and Annie Odett to the note before delivering it to the plaintiff, and should not deliver the note unless those signatures were obtained, but that in fact the note was delivered in violation of the said condition. Appellants' theory is that the contract sued upon is incomplete and not the obligation which they intended to make; that they as sureties intended to bind themselves jointly with two other sureties, the Odetts, but not otherwise, and that without those names it is not their note. The evidence shows that Prentice falsely stated to Bryant that the Odetts had promised to sign the note with him, and shows that Bryant signed with the understanding that the note was not to be used without those signatures; and it also appears that Swartwout in signing the note relied upon the fact that Bryant was his cosurety. The difficulty with this defense is that these facts were not made known to Tischhauser before he accepted the note. Prentice (called

as a witness for the defendants) testified that he did not tell Mr. Tischhauser anything about the circumstances under which he had obtained the note from Bryant. In support of their contention that the surety was not liable because the delivery was on a condition which was not performed, appellants refer to *Ayres* v. *Milroy*, 53 Mo. 516, [14 Am. Rep. 465], and several other cases. *Ayres* v. *Milroy* contains language which apparently supports this contention, but we find that decision later discussed in *State* v. *Potter*, 63 Mo. 212, [21 Am. Rep. 440], and justified solely on the ground that Ayres was apprised of the condition on which the surety was to be bound. The decision in *State* v. *Potter* then proceeds with a discussion of numerous decisions, including a majority of those cited in appellants' brief herein, and shows that in a majority, if not all, of them there were circumstances sufficient to put the obligee upon notice of the incompleteness of the bond or note. The court then holds° that where the surety who defends the action had invested the principal with an apparent authority to deliver the bond and there was nothing on the face of the bond or in any of the attending circumstances to apprise the obligee, who accepted it, that there was any secret agreement which should preclude the acceptance of the bond, the surety alone is at fault, and his liability will be enforced. The court declares that such a case furnishes an opportune application of the language of Lord Holt in *Hern* v. *Nichols*, 1 Salk. 289, [91 Eng. Reprint, 256], that "seeing somebody must be a loser by this deceit, it is more reason that he that employs and puts a trust and confidence in the deceiver should be a loser, than a stranger."

The claim by appellants that their signatures were obtained by fraud practiced upon them by Prentice is subject to the same infirmity as their claim that the note was delivered upon a condition which was not performed. Knowledge of the facts was not brought home to the plaintiff. The note was received and accepted according to its form as a note executed by the defendants, and was delivered by one of the makers under apparently complete authority from all. By accepting the note plaintiff granted an extension of time for payment of a debt presently due, and that was a valuable and sufficient consideration.

As there are no errors in the rulings of the court or in the conduct of the trial which substantially affect the merits of this case, a new trial was properly refused.

The order is affirmed.

James, J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 10, 1916, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 7, 1916.