DANIELS ET AL. V. GOWER ET AL.

54  319
o105 553
54  319
o107 399

1. **Promissory Note**: SURETY: DELIVERY.  Where a non-negotiable note was signed by defendants as sureties and deposited with a stranger to the note, to be delivered upon a certain condition, and was delivered by the depository to the principal maker, and by him to the payee in violation of the condition, it was held that such delivery was not binding upon the sureties, and the note as against them was not enforceable.

2. ——: ——.  Another surety who signed the note afterward, in reliance upon the signatures of the former sureties, would also be released from liability by their discharge.

3. **Practice in the Supreme Court**: RECORD.  Facts shown by a properly authenticated bill of exceptions, filed in the Supreme Court, cannot be contradicted by a certificate of the clerk of the trial court subsequently made, and which constitutes no part of the record.

*Appeal from Tama District Court.*

TUESDAY, SEPTEMBER 21.

ACTION upon a non-negotiable promissory note signed by the defendant Gower as principal, and by the defendants Beem, Weaver, Sell and Inech as sureties.  Gower was not served with notice.  Beem, Weaver and Sell aver, for answer, that they signed the note while in the hands of one Stoller, and with the agreement that it should not be delivered unless the signature of one Blajok should be obtained, and that the signature of Blajok never was obtained.

The defendant Inech avers for answer that he signed the note after it had been signed by Beem, Weaver and Sell; that they signed it upon the condition that the signature of Blajok should be obtained, which was not done, and he was ignorant of such condition.

There was a trial by jury, and verdict and judgment were rendered for the defendants.  The plaintiffs appeal.

*O. H. Mills* and *D. Giffin*, for appellants.

*G. R. Struble*, for appellees.

ADAMS, J.—The note was given for a steam boiler and engine, sold to the defendant Gower. The sale was negotiated with Gower by one Reily. Whether Reily was acting for himself, or as the agent of the plaintiffs, was a question raised upon the trial, and submitted specially to the jury. They found that he was acting for the plaintiffs. The correctness of this finding is questioned, but in the view which we take of the case it is not material.

1. PROMIS-SORY note: surety: delivery.

The principal question in the case arises upon the correctness of the eleventh instruction given by the court, which is in these words: "The defendants Beem, Weaver and Sell say that they never delivered said note, and never authorized any person to deliver it for them, but allege they signed it and placed it in the hands of one Stoller, upon the express condition and understanding that said Stoller should retain the same until one Blajok should sign it with them, and that it was delivered by Stoller to one Roach, without the knowledge and consent of these defendants, who delivered the same to said Gower, from whom it was obtained by plaintiffs, and that said defendants had no knowledge of such delivery, and never gave their assent thereto or ratified the same. On this subject you are instructed that if you believe from the evidence that Beem, Weaver and Sell signed and delivered said note to Stoller; that said Stoller was not the agent of the plaintiffs; that it was delivered to Stoller with the agreement and understanding that it should be retained by him, and not delivered until signed by Blajok, and if you further believe that it was not signed by Blajok, but was delivered to Roach, by Stoller, without the knowledge or consent of the defendants or any of them, and by him delivered to Gower without the knowledge or consent of the defendants, then the defendants, or such of them as signed and delivered said note under such circumstances, and with such understanding and agreements, will not be liable, and you will so find by your verdict." The giving of this instruction is assigned as error.

The evidence shows that the note was signed by Beem, Weaver and Sell while in the hands of Stoller as alleged, and with the condition as alleged.   Considerable stress is laid in argument by the appellee upon the fact that the note was then in the hands of a stranger to it.   This fact might be material if the payees had received the note from the hands of Stoller.   We are inclined to think that they might properly have been required to take notice of the extent of Stoller's authority even if the note had been made negotiable.   But the note passed from Stoller to Gower before delivery, and the delivery was made by Gower, who was the principal upon the note.

Where a negotiable note is delivered by the principal, it is, to say the least, doubtful whether the payees are bound to take notice of his authority.   Upon this point see *Passumpsic Bank v. Goss*, 31 Vt., 315; *Farmers, etc. v. Humphrey*, 36 Vt., 554; *Smith v. Moberly*, 10 B. Mon., 269; *Bank of Missouri v. Phillips*, 17 Mo., 30.   In one sense, it is true, there would be no delivery as to the sureties if the delivery was made without their authority, but some of the cases seem to hold that where the sureties allow the note to pass into the hands of the principal, who has power to bind himself by delivery, the payees have a right to assume that the sureties authorized him to deliver it for them.   But this doctrine, whether it is correct or not, is not, we think, applicable to a case where the note is not negotiable.   The note in this case according to the amended abstract is not negotiable.

There has been a long line of decisions to the effect that where the obligee in an official bond receives it from one of the obligors, he has no right to assume that the co-obligors signed it without condition.   See *Pepper v. The State*, 22 Ind., 411, and cases cited.   In some of the cases, it is true, there seems to have been enough upon the face of the instrument to put the obligee upon inquiry, but that does not appear to have been a controlling consideration.   Now while cases arising upon official bonds may not be regarded as strictly

in point, the principle involved is very nearly the same. Besides, cases are not wanting which have arisen upon non-negotiable instruments for the payment of money. *People v. Bostwick*, 32 N. Y., 445; *Ayers v. Milroy*, 53 Mo., 516. In the latter case the court, while recognizing the rule that sureties who sign a negotiable instrument, and leave it in the hands of the principal, who delivers it, cannot be heard to say that they signed it upon conditions which were not fulfilled, held that it had no application to instruments that were not negotiable. They say that "in making this line of defense there is a clear distinction recognized between bonds, or other instruments that are not negotiable, and those which are negotiable."

In our opinion, the instrument in question, not being negotiable, and having been delivered in violation of conditions imposed by Beem, Weaver and Sell, they may properly claim that as to them the instrument was not delivered. The instruction given, we think, is correct.

II. As to Inech, who signed in just reliance upon the sureties whose signatures preceded his, as the evidence 2. ——: ——. shows, it seems clear that if they cannot be held he should not be. *Pepper v. State*, above cited. The judgment of the District Court is

AFFIRMED.

ON REHEARING.

BECK, J.—Upon the petition of plaintiffs a rehearing was allowed in this case, for the reason we were not satisfied that 3. PRACTICE in a mistake did not occur in the opinion in the the supreme court: record. statement that the promissory note which is the foundation of the action is not negotiable. The correctness of this statement is the only question now to be considered; it constitutes the only question raised in the petition for rehearing. As the opinion heretofore filed is assailed on no

other ground, the other points of the opinion demand no further attention.

A word of explanation as to the condition of the record will disclose the ground upon which counsel insist upon the existence of the mistake in our opinion. The original abstract shows the note to be negotiable; an amended abstract shows the contrary. It was, however, denied by appellant. No transcript of the record was found in this court. A certified copy of the note had been filed, but did not come into our hands; it appears to have been lost. Upon these facts counsel for appellant insist that we mistakenly assumed in the original opinion that the note sued upon is non-negotiable.

A properly authenticated copy of the bill of exceptions containing a copy of the note has been filed, which verifies the correctness of the statement of our opinion that the note is not negotiable. But appellant in contradiction of the correctness of the record as set out in the bill of exceptions files a copy of the note which shows it to be negotiable. This paper is certified by the clerk of the court below, and shows that the note was "left with" him by the attorneys of plaintiffs. A certificate afterward made by the clerk shows that the "note has never been marked filed, but was in fact left with the clerk several months after the cause was tried."

The bill of exceptions showing the note to be non-negotiable is of the record in the court below, and the copy before us, being duly authenticated, is of the record of the cause in this court. This record of course cannot be contradicted by the certificate of the clerk, which is no part of the record; this is a familiar rule prevailing in this and all other appellate courts. It will also be observed that the certificate of the clerk shows that the note was left with him after the trial, and that it was not filed at the trial. It is hardly necessary to observe that records in the court below and in this court cannot be made in this way.

It appears from the foregoing that the statement in the opinion complained of by counsel for appellant is correct.

If at the time it was made the abstracts before us did not justify the statement, the record of the case now before us fully sustains its correctness. We, therefore, adhere to our first opinion.