# CHARLESTON

Quesenberry v. Wood *et al.*

Submitted September 11, 1907.    Decided March 3, 1908.

1. Bills and Notes—*Action*—*Declaration*.
    In a declaration upon a promissory note seeking to hold irregular endorsers, whose names were found on the back of the note upon its delivery to the payee, as original promissors, a failure to allege a promise to pay renders the declaration bad on demurrer.    (p. 9.)

2. SAME—*Irregular Endorsers.*

> The fact that the maker and irregular endorsers on such paper are sued thereon jointly in an action of debt, is sufficient to show that the plaintiff has elected to hold such endorsers as original promissors.  (p. 10.)

Error to Circuit Court, Raleigh County.

Action by George O. Quesenberry against I. T. Wood and others.  Judgment for plaintiff, and defendants bring error.

*Reversed.  Remanded.*

McGINNIS & HATCHER, ˉfor plaintiffs in error.

R. F. DUNLAP, for defendant in error.

McWHORTER, JUDGE:

George O. Quesenberry brought his action of debt in the circuit court of Raleigh county against I. T. Wood, J. D. Campbell and J. A. Walker, M. D., and filed his declaration as follows:˙

"Geo. O. Quesenberry complains of I. T. Wood, J. D. Campbell, and J. A. Walker, Md., who have been duly summoned of a plea that they render to the said plaintiff the sum of FOUR HUNDRED AND EIGHTY-ONE DOLLARS which they owe to the said plaintiff, and from him unjustly detained.

"And thereupon, the said plaintiff says that heretofore, to-wit, on the 1st day of June, 1896, at the county aforesaid, the said I. T. Wood by his certain writing, the date whereof is the day and year last aforesaid, promised to pay to the order of M. D. Walker, ninety days after date the sum of ONE HUNDRED AND FIFTY DOLLARS for value received, the said note at the time and place of the making of the same and the delivery to the said M. D. Walker, was endorsed on the back thereof as follows: J. D. Campbell, J. A. Walker, M. D., and afterwards was further endorsed, 'I assign the within note to Geo. O. Quesenberry without recourse.' (Signed.) M. D. Walker. And on the back thereof is also endorsed the following credits: Nov. 6, 1896, credit by cash $34.00 Dec. 7, by cash $25.00 Dec. 29, 1897, credit by cash $50.00.

And the said plaintiff further says that heretofore, to-wit,

on the first day of June, 1896, at the county aforesaid, the said I. T. Wood by his other two certain writings the date of, each whereof is the date and year last aforesaid, promised to pay to the order of M. D. Walker, four and five months respectively after day thereof, the further sum of three hundred dollars, to-wit, One Hundred and fifty dollars in each note, for value received, and at the time of the making and executing and delivering of the said notes by the said I. T. Wood to M. D. Walker, the same were endorsed on the back thereof, J. D. Campbell and J. A. Walker, M. D., and that afterwards each of the said notes were further endorsed as follows: 'I assign the within note to Geo. O. Quesenberry without recourse.' (Signed.) M. D. Walker.

"And the said plaintiff further says that heretofore, to-wit, on the 1st day of June, 1896, at the county aforesaid, the said I. T. Wood by his certain other writing, the date whereof is the day and year last aforesaid, promised to pay to the order of M. D. Walker, six months after date thereof, the further sum of ONE HUNDRED AND FORTY DOLLARS for value received; and that at the time the said note was delivered by the said I. T. Wood to M. D. Walker that the same was endorsed on the back thereof, J. D. Campbell and J. A. Walker, M. D. And that since the time of the delivery of the same to said M. D. Walker it had been further endorsed as follows: 'I assign the within note to Geo. O. Quesenberry without recourse.' (Signed.) M. D. Walker. Which said last mentioned note together with the three others hereinabove described, after deducting the payments made on the first mentioned note as hereinabove set forth, amounts to the said sum of FOUR HUNDRED AND EIGHTY-ONE DOLLARS first above demanded, and each and all of the said four notes are now held and owned by the said Geo. O. Quesenberry, the plaintiff herein, as the assignee of M. D. Walker; nevertheless the said I. T. Wood, J. D. Campbell and J. A. Walker, M. D., although often requested so to do, have not as yet paid the said sum of $481.00 first above demanded, or any part thereof, to the said plaintiff, or to the said M. D. Walker, his assignor, or to either of them, or to their order but hath hitherto wholly neglected and refused, and still neglects and refuses so to do, to the damage of the said plaintiff $500.00. And therefore he sues."

The declaration was filed at November rules, 1906, accompanied by the affidavit of the plaintiff Quesenberry under section 46 of chapter 125 of the Code, and common order entered, and at December rules common order was confirmed.

On the 11th day of April, 1907, the defendants J. A. Walker and J. D. Campbell demurred to plaintiff's declaration which being considered was overruled. The defendant J. A. Walker tendered his affidavit as required to set aside the office judgment, which was filed and said defendant entered his plea of *nil debit*; and the defendant J. D. Campbell tenddered his plea of *nil debit*, to the filing of which plaintiff objected for the reason that Campbell had not filed the required affidavit to set aside the office judgment, which objection was sustained and the plea refused and the said defendant excepted to the ruling of the court. The plaintiff waived a jury as did also the defendant J. A. Walker and by agreement the case was submitted to the court in lieu of a jury. The defendants J. D. Campbell and I. T. Wood were called and their default entered; and the court proceeded, in lieu of a jury, to try the issue as to J. A. Walker and found the issue in favor of the plaintiff and that he was entitled to recover of the defendants in the action, after allowing all credits, payments and setoffs to which the defendants or any of them were entitled, the sum of $813.80; and the defendants moved the court to set aside its finding as contrary to the evidence and to grant them and each of them a new trial, which motion was overruled and the defendants excepted, when the court entered judgment in favor of the plaintiff against all the defendants for the said sum of $813.80 with legal interest thereon until paid and his costs. The defendants were given leave to prepare a formal bill of exceptions to the several rulings and opinions of the court so excepted to within thirty days from the adjournment of the term of court, but no bill of exceptions appears in the record.

The defendants J. A. Walker, M. D., and J. D. Campbell obtained a writ of error and *supersedeas* and assigned as error the overruling of defendants' demurrer and the motion to set aside the finding and grant a new trial.

It will be observed that there are four several notes declared upon and all made and endorsed precisely in the same way, as appears from the declaration. Two of the notes are

declared on together which, while it may be sufficient, is not the best form. What we shall say will be as though there was but one note involved, as the same applies equally to all the notes. The declaration fails to sufficiently allege a promise to pay the note on the part of the defendants J. D. Campbell and J. A. Walker, M. D., but it simply avers "that at the time the said note was delivered by the said I. T. Wood to M. D. Walker, that the same was endorsed on the back thereof, J. D. Campbell and J. A. Walker, M. D." This will be taken as simply descriptive of the note and not an allegation to charge those defendants whose names appeared on the back of the note by irregular endorsement as original promissors, as it merely mentions the fact that these names appeared on the back of the note. There is nothing, however, alleged which would charge said defendants Campbell and Walker with a promise to pay. It is not charged that the names found there were the signatures of the parties, nor that they signed their names thereon, whereby they promise to pay or become liable for the sum mentioned in the note. It is material that a promise be affirmatively alleged; therefore, the declaration must be held bad on demurrer as to said two defendants. Nor is it alleged that after the making and delivery of said note to said M. D. Walker, the payee, that said Walker assigned in writing said note to Geo. O. Quesenberry, whereby he directed the sum therein mentioned to be paid to said Quesenberry, of which assignment defendants had notice.

It was unnecessary to mention in the declaration the credits upon one of the notes; this, however, is immaterial and would be treated as a surplusage.

Plaintiffs in error complain that there is no allegation in the declaration showing that plaintiff elected to treat the defendants Campbell and Walker as original promissors; and in order to hold them as joint makers with defendant Wood, he must show his election to do so in his declaration; and allege that they endorsed said notes with the intent to become liable as guarantors or makers. An answer to this proposition is that plaintiff's declaration shows his election to treat them as original promissors, having declared against them jointly as such, which he could do. In *Burton* v. *Hansford*, 10 W. Va. 470, it is held: "A stranger who endorses nego-

tiable paper at the time it is made, is *prima facie* liable to the payee as original promissor or as guarantor, as the payee may at any time elect." *Long* v. *Campbell*, 37 W. Va. 665; *Milling Co.* v. *Watkins*, 41 *Id.* 787; *Miller* v. *Clendenin*, 42 *Id.* 416; *Peters* v. *Nolan Coal Co.*, 61 *Id.* 392, (56 S. E. 737); *Golding Sons Co.* v. *Pottery Co.*, 60 W. Va. 317; *Young* v. *Sehon*, 53 *Id.* 127.

The court erred in overruling the demurrer, and, consequently, in refusing to set aside the finding. The judgment is reversed and set aside, and this Court proceeding to render such judgment as the circuit court should have rendered sustains the demurrer and the case is remanded with leave to the plaintiff to amend his declaration, and for a new trial of the said case.

*Reversed.    Remanded.*