# CHARLESTON

## KIDD *v.* BECKLEY.

Submitted February 11, 1908.    Decided March 17, 1908.

1. DEBT, ACTION OF—*Pleading—Sufficiency.*
   Where a declaration in debt purports to be on a writing under seal, the making and signing thereof are not necessary averments-and whether a paper thus declared on as a sealed contract is a simple contract, can not be raised by demurrer.    (p. 82.)

2. PLEADING—*Issues, Proof, and Variance.*
   An instrument declared on as a "writing obligatory" implies an instrument under seal; and where the pleading thus calls for an instrument under seal and the proof shows one not sealed, or *vice versa*, there is a fatal variance.    (p. 82.)

3. BILLS AND NOTES—*Pleading—Sufficiency.*
   It is not necessary, in a suit by the holder or payee against the maker and irregular indorser of a promissory note, to render such irregular endorser liable as maker, that the declaration should allege either that such irregular endorsement was prior to the delivery of the paper or that the plaintiff had elected to treat him as maker—such prior endorsement being an evidential fact provable under a declaration charging such endorser as maker, and institution of suit being sufficient evidence of such election.    (p. 82.)

4. SAME—*Defenses as Against Payee—Irregular Indorser.*
   Where a note not negotiable is thus irregularly endorsed, and left by the endorser in the hands of the maker to be delivered only upon condition of the maker securing others to endorse the same, he constitutes such maker his agent for that purpose, and the payee will take the same unaffected by any such agreement or understanding, unless before delivery he has notice thereof, or, either from the instrument or in some other way is. put upon inquiry as to whether such delivery was authorized.    (p. 83.)

Error to Circuit Court, Raleigh County.

Action by J. W. Kidd against John Beckley and others. Judgment for plaintiff against Beckley, and he brings error.

*Reversed and a new Trial Awarded.*

JOHN W. BALL and FILE & FILE, for plaintiff in error.

M. F. MATHENY, W. H. McGINNIS, and E. O. PHLEGAR, for defendant in error.

MILLER, JUDGE:

The plaintiff's declaration in debt alleged that on June 27, 1906, the defendants, C. C. Allen, C. M. Allen and John Beckley, "*by their certain writing obligatory,*" promised to pay to the order of the plaintiff eight months after date thereof with interest $145, for value received. Beckley, besides his demurrer overruled, pleaded *nil debet*, and also filed two special pleas—the first, that said C. C. Allen, by fraudulent representation of which plaintiff had notice, and without consideration, had procured from him the writing sued on; the second, *non est factum*. The other defendants were not served with process, and did not appear. Upon issues joined on these pleas, a trial was had before the court in lieu of a jury waived. The court found for the plaintiff against Beckley the sum of $147.09, and, judgment being pronounced accordingly, he has brought the case here for review.

The point upon the demurrer is that the declaration does not allege defendants made and signed the note. Good pleading and approved forms require this where the action is upon a note. Hogg Pl. & F. 267; 4 Rob. Pr. 194-5; 14 Enc. Pl. & Pr. 463. But the declaration in this case purports to be upon a writing under seal, and as such the making and signing thereof do not seem necessary averments. Hogg Pl. & F. 265; 4 Rob. Pr. 191. Whether a paper declared on as a sealed contract is a simple contract, can not be raised by demurrer. *Grubbs* v. *Insurance Co.*, 94 Va. 593. The demurrer, therefore, was rightly overruled.

On the trial the plaintiff, notwithstanding objection by Beckley, was permitted to read in evidence the following note not under seal, the only instrument that appeared:

"$145.00. Beckley, W. Va., June 27, 1906. Eight months after date we promise to pay to the order of J. W. Kidd one hundred and forty five dollars, with 6 per cent interest from date. Value received. C. C. & C. C. ALLEN;" endorsed on the back, " JOHN BECKLEY." The objection to this evidence is that it is fatally variant from the instrument declared on, in two particulars: First, that the declaration calls for a " writing obligatory," while the note offered is not under seal; second, that the declaration charges the defendants as joint *makers*, and, although Beck-

ley appears an irregular endorser, and if his endorsement was before delivery (unless otherwise agreed) would be rendered liable as joint maker at the election of the plaintiff, nevertheless the declaration is deficient in not alleging that the note was signed and irregularly endorsed before delivery, and that the plaintiff elected to treat Beckley as joint maker. We think the first point good. The technical phrase "writing obligatory" implies an instrument under seal. 8 Words & Phrases 7543; 21 Am. & Eng. Enc. L. 758; *Stull* v. *Wilcox*, 2 Ohio 569; *Hart* v. *State*, 20 Ohio 49; *Phillips* v. *Guano Co.*, 110 Ala. 521. And where the pleading calls for a sealed instrument and the proof shows one not sealed, or *vice versa*, there is a fatal variance. 22 Enc. Pl. & Pr. 627 and notes; *Stull* v. *Wilcox, Hart* v. *State*, and *Phillips* v. *Guano Co,*, *supra.*

On the second point, it is claimed that endorsement before delivery and election to treat the endorser as maker must be alleged, as well as proven independently of the paper, as a condition of recovery, and that the plaintiff will not be permitted to prove any such material fact not alleged. The authorities cited for this proposition are: Stephen Pl. 133; *Barnum* v. *Railroad Co.*, 5 W. Va. 13; *White* v. *Romans*, 29 W. Va., 571; which but lay down the general rule that the declaration must allege all circumstances necessary for support of the action. The two cases cited from this Court were actions in tort; they affirm in general terms, what is true in all forms of civil action, that the declaration must allege all circumstances necessary for support of the action or to constitute the cause of complaint. This rule is clearly stated in 1 Chy. Pl. (16th Am. Ed.) 236, 270.

But the questions remain whether the fact of irregular endorsement before delivery, necessary to render an endorser liable as maker, and the plaintiff's election to so treat him, must be pleaded; or whether the charge in the declaration that such irregular endorser *made* the note sued on, is, in connection with institution of suit, a sufficient averment under which such material facts may be proven. It is stated in 8 Cyc. 116, upon the authority of numerous cases cited from Iowa, Massachusetts, Missouri, New York, Oregon and South Carolina, that one whose name irregularly

appears upon a promissory note, or who placed it thereon before delivery for the purpose of giving it credit, must be charged according to the actual intention, by special averment showing the facts relied on to fix his liability. The cases there cited which I think particularly applicable to the doctrine of the text are *Cawley v. Costello*, 15 Hun. 303; *Security & Trust Co. v. Storm*, 81 Hun. 33; *McMoran v. Lange*, 48 N. Y. Supp. 1000; *Twogood v. Coppers*, 9 Ia. 415. Approved forms for declaration against anomalous endorsers given in 3 Enc. Forms 307, 308, contain such special averments. There is a short form given at page 308 from South Carolina, but from a note at page 286, it appears that this form is based upon special provisions of the code of civil procedure of New York and other states there referred to. Upon these authorities, JUDGE MCWHORTER and I are inclined to the opinion that, where such irregular endorser is sued as maker, the declaration should allege the fact of endorsement before delivery.

But our associates are of a different opinion. They hold that such fact is only an evidential one which may be proven under a declaration charging such endorser as maker. Our statute, section 29, chapter 125, Code, provides that "on a demurrer, unless it be to a plea in abatement, the court shall not regard any defect or imperfection in the declaration or pleadings, whether it has heretofore been deemed mispleading or insufficient pleading or not, unless there be omitted something so essential to the action or defense that judgment according to law and the very right of the cause can not be given." But it has been declared by this Court in numerous cases that this section does not dispense with averments necessary to show a cause of action. *Burton v. Hansford*, 10 W. Va. 475; *Spiker v. Bohrer*, 37 W. Va. 258; *Smoot v. McGraw*, 48 W. Va. 144. But, if the declaration omits nothing so essential to the action that judgment can not be given thereon according to law and the very right of the case, it will be sufficient. *Boster v. Railroad Co.*, 36 W. Va. 318; *Poling v. Railroad Co.*, 38 W. Va. 645; *Davidson v. Railway Co.*, 41 W. Va. 407. Our cases relating to such irregular endorsements hold that, in order to render one who thus endorses a note liable as maker, it must have been signed by him before delivery. *Burton v. Hansford, supra;*

*Long* v. *Campbell*, 37 W. Va. 665; *Roanoke Co.* v. *Watkins*, 41 W. Va. 787; *Miller* v. *Clendennin*, 42 W. Va. 416; *Golding* v. *Pottery Co.*, 60 W. Va. 317; *Peters* v. *Coal Co.*, 61 W. Va. 392.  The doctrine of our cases, it is said is that one who thus irregularly endorses commercial paper renders himself *prima facie* liable as maker. *Golding* v. *Pottery Co.*, and *Roanoke Co.* v. *Watkins, supra*.  Hence, the Court concludes it is unnecessary to allege the fact of endorsement before delivery.  It is undoubtedly a general rule that only the legal effect of the instrument sued on need be alleged; and it would be correct to say that, if endorsement before delivery is only an evidential fact, it would be unnecessary to allege it.  1 Chy. Pl. 407; *Hawker* v. *Railroad Co.*, 15 W. Va. 635; *Yeager* v. *Bluefield*. 40 W. Va. 485; *Snyder* v. *Electrical Co.*, 43 W. Va. 661; *Berns* v. *Gas Coal Co.*, 27 W. Va. 285.  It was held in *Quesenberry* v. *Wood*, decided at the present term, that the fact that the maker and irregular endorser of a note are sued jointly is sufficient to show election of the plaintiff to treat the endorsers as makers. The conclusion of the Court therefore is that, in a suit by payee or holder of a note against a drawer and irregular endorser thereof, it is unnecessary to allege that such endorsement was before delivery; and that the note offered in evidence in this case would have been admissible under a declaration charging the defendants as makers, without the additional averment of such prior endorsement, but not admissible under the declaration in this case calling for a writing under seal.

On the trial, after the finding for the plaintiff but before judgment, the motions of Beckley to set aside the finding and grant a new trial and in arrest of judgment were overruled, and judgment was pronounced accordingly, his rights thereon being preserved by proper bills of exception. As we have held the evidence fatally variant, no judgment could have been properly pronounced against him; and we think his motion to set aside the finding and for a new trial should have prevailed.

Besides the fatal variance between the instrument declared on and the note offered in evidence, the evidence shows that, after the plaintiff had offered the note in evidence, and his attorney of record had given testimony as to the sale of the

personal property held under deed of trust as security for payment of the note, and the reason for a small credit endorsed thereon, he rested his case, and offered no evidence whatsoever as to the time when Beckley had endorsed the paper, whether before or after delivery; and hence his evidence was wanting in proof of the essential fact of prior endorsement by Beckley. It is true Beckley himself was examined as a witness, and admitted endorsing the paper; but he did not know and did not state whether his endorsement was before or after delivery to the plaintiff.

Under his two special pleas, Beckley proved by his own testimony that his endorsement of the note in question was with the distinct understanding and agreement with Allen that the note was not to be delivered as his note until the endorsements of two other persons were secured; but it was not proven, as charged in the plea, that the plaintiff had notice of this agreement before receiving the note and parting with his property for which it was given in part payment. The plaintiff was put upon the witness stand by Beckley, but apparently only to show his presence in court, and he was not examined upon the important fact of Beckley's endorsement prior to delivery. The contention of defendant's counsel upon this hearing is that, as the note in question was not negotiable, the question of prior notice to the plaintiff is immaterial; that, inasmuch as the note was endorsed by Beckley and delivered to Allen upon the condition stated, the condition never having been fulfilled, the note never became the note of Beckley, although it may have come to the hands of the plaintiff without notice of the condition. For this proposition we are cited to *Perry* v. *Patterson*, 5 Humph. 133; *Bibb* v. *Reid*, 3 Ala. 88; *Carter* v. *McClintock*, 29 Mo. 464; *Goff* v. *Miller*, 41 W. Va. 685; *Pawling* v. *United States*, 4 Cranch 219; *Ayers* v. *Milroy*, 14 Am. Rep. 465; *United States* v. *Leffler*, 11 Pet. 86; *Daniels* v. *Gower*, 54 Ia. 321; *People* v. *Bestwick*, 32 N. Y. 445; *Cutter* v. *Whitmore*, 10 Mass. 442. The case of *Goff* v. *Miller* is inapplicable. It simply affirms the general proposition that a person who deals in non-negotiable paper acquires it subject to all equities in the maker and the right of recourse as against remote assignors, subject to the equi-

ties of such assignors. It could hardly be said that equities could arise between maker and payee or the holder of a note until delivery. The proposition of counsel is that the note never became the note of Beckley for want of delivery by him. *Pawling* v. *United States* was an action upon an official bond, the bond showing upon its face and giving notice to the obligee that others whose names appeared in the body thereof had not executed it. Some of the bonds or notes in the other cases were delivered under circumstances imputing notice to the obligee or payee of the conditional execution thereof; others, particularly *Ayers* v. *Milroy* and *Daniels* v. *Gower*, seem to support the contention of counsel. The latter is cited approvingly in Joyce on Defenses to Commercial Paper, section 316. This case, while recognizing the rule that sureties who sign a negotiable instrument and leave it in the hands of the principal, who delivers it, can not be heard to say that they signed it upon conditions which were not fulfilled, yet holds that this principle has no application to non-negotiable instruments. The same rule was announced in *Ayers* v. *Milroy*.

In the earlier case of *Dair* v. *United States*, 16 Wall. 1, the court held the rule of *Pawling* v. *United States* inapplicable where the obligee in a bond is without notice and there is nothing to put him upon inquiry. See Rose's Notes to this case for application of this principle in many state and federal cases. To the same effect in *Bank* v. *Boddicker*, (Ia.), 45 L. R. A. 321, where in an extensive note the cases are collated, beginning with *Pawling* v. *United States*, and the rule stated applicable to various kinds of instruments and under various circumtsances and conditions, including the leading case of *Ward* v. *Churn*, 18 Grat. 801; *Nash* v. *Fugate*, 24 Grat. 202, 32 Grat. 595; also including our own case of *Lyttle* v. *Cozad*, 21 W. Va. 183, In this note the annotator, on the authority of *Daniels* v. *Gower*, *Ayers* v. *Milroy*, *Campbell* v. *Powell*, 78 Tex. 53, and *Majors* v. *McNeilly*, 7 Heisk. 294, says: "So far as the rules differ non-negotiable instruments are governed by the rules applicable to bonds, rather than that applicable to negotiable instruments." But the cases cited apply a different rule than that applicable to bonds. We think, however, there is no good reason for such distinction, but that the same rule

applicable in case of bonds and other non-negotiable instruments should apply to non-negotiable notes. One of these rules applicable here is that no understanding between the parties making and so endorsing a note that those so endorsing it shall be liable in a different capacity, or upon some condition to be fulfilled, will avail against the payee, unless before delivery of the note he knows of such understanding. Such is the doctrine of *Joyce* v. *Cockrill*, 92 Fed. 838, where it is said: Neither will a surety upon a promissory note, or a private bond, in the hands of the payee, be discharged upon evidence that he had signed the note or bond upon conditions not performed, but of which the payee had no notice." One of the cases cited by the federal court is *Jordan* v. *Jordan*, 78 Tenn. 124, directly in point.

The Michigan and New York cases involve bonds, not notes. The New Hampshire and Texas cases were actions upon negotiable notes, where it is conceded the payee or holder without notice of any condition is unaffected thereby.

But why travel away from our own cases? *Lyttle* v. *Cozad* and *Long* v. *Campbell*, *supra*, are applicable—the former directly involving a bond; the latter, a promissory note, in which it is distinctly held that "no understanding between parties making and so endorsing the note, that those so endorsing it shall be liable only as guarantors, will avail against the payee, unless before delivery of the note he knows of such understanding." Without notice, therefore, the plaintiff could not have been affected in his rights by any secret arrangement or understanding between Beckley and Allen that others should also endorse the paper. When a bond or note is thus endorsed and left by the surety or endorser in the hands of the maker or principal obligor to be delivered, he constitutes such maker or obligor his agent for that purpose, and if he delivers it under such circumstances as render his delivery unauthorized the surety or endorser is still liable, unless the obligee or payee had notice of such facts, either from the instrument or in some other way, which fairly put him on inquiry as to whether such delivery was authorized. *Dair* v. *United States*, *supra*; *Thomas* v. *Bleakie*, 136 Mass. 571.

We therefore reverse the judgment of the circuit court, set aside its finding, and award the defendant a new trial.

*Reversed, and New Trial Awarded.*