FAYETTEVILLE BUILDING AND LOAN ASSOCIATION *v.*
E. H. CROUCH *et al.*

(No. 7859)

Submitted October 31, 1934.   Decided December
11, 1934.

*Carl C. Sanders* and *Clarence W. Meadows,* for plaintiff in error.

*Dillon, Mahan & White,* for defendant in error, Fayetteville Building & Loan Association.

MAXWELL, JUDGE:

The action under review on this writ of error is the outgrowth of a note:

> "Fayetteville, W. Va.,
> March 24th, 1930.
> $3200.00   Upon demand we promise to pay to the order of Fayetteville Building & Loan As-

sociation, a Corporation, without offset, negotiable and payable at the office of the Association in the town of Fayetteville, West Virginia, Three Thousand, Two Hundred and No/100 ($3200.00) Dollars for Value received.

This note is secured by a deed of trust of even date herewith from the makers and by the endorsement of E. H. Crouch and is to be paid in bi-weekly installments as set out in the deed of trust aforesaid and as prescribed by the Constitution and By-Laws of the said Association.

Nettie L. Weaver,
N. D. Weaver."

On the back of the note is the name E. H. Crouch.

The makers of the note having become seriously in default in payment of the bi-weekly installments, the loan association caused the property embraced in the deed of trust to be sold by the trustee at public sale June 27, 1931. The amount realized was $2700.00 which was immediately credited on the note, leaving a balance, as claimed by the association, of $748.67. Demand was made for the payment of the balance November 18, 1931. Payment being refused, the note was protested and notice of protest given by the notary to the Weavers and Crouch.

This proceeding by notice of motion for judgment was instituted by the payee of the note against the makers and indorser, jointly, January 5, 1932. The amount claimed, as of the return day of the notice, February 1, 1932, was $776.72. The Weavers made no appearance and judgment by default was rendered against them for the amount for which the suit was brought, but Crouch appeared, demurred to the notice and pleaded thereto. There was no general issue plea by Crouch, but he did file a counter affidavit under Code, 56-2-6. The affidavit will be deemed tantamount to the general issue. *Nichols* v. *Island Gas Co.*, 114 W. Va. 80, 170 S. E. 912. By this affidavit he admitted a primary liability of $200.00. This amount and interest, at the time of the filing of the affidavit aggregating $229.85, he paid into court, but denied liability as to the residue claimed. Crouch filed two special pleas,

the substance whereof lies in their averments that at the time of his indorsement of said note, there was a concurrent oral agreement between him and the plaintiff that he should be liable only in the sum of $200.00. The trial court heard the case without a jury, found in favor of the plaintiff and rendered judgment against the indorser for the full amount of the balance claimed, $596.08, with interest from the date of judgment, and costs. Crouch was awarded writ of error.

The notice of motion for judgment is sufficient on its face. The demurrer was properly overruled.

In ascertaining the extent of the liability of the indorser, determination must be made as to whether the note is negotiable or non-negotiable. It is in form negotiable. But do recitals in its second paragraph destroy its negotiability? The language employed is that the note "is to be paid in bi-weekly installments as set out in the deed of trust aforesaid and as prescribed by the Constitution and By-Laws of the said Association." This requires reference to both the deed of trust and the constitution and by-laws. The obligation evidenced by the note is contingent upon the provisions of both of said collateral instruments.

Generally, where a legal instrument makes reference to another, they should be considered together. 3 Ruling Case Law, page 870; *Hull* v. *Angus,* (Ore.) 118 P. 284. It thus appears that the note in suit is not a complete instrument. Reference must be made to other instruments to determine the exact obligation of the makers and the indorser and to determine the extent of the debt that may be asserted by the payee at any given time; also the amount of the bi-weekly payments called for by the note, and the consequences of default. Thus the note becomes not an unconditional promise to pay a definite sum. "An instrument to be negotiable * * * must contain an unconditional promise or order to pay a sum certain in money." Code, 46-1-1.

A reference in a note, negotiable in form, to some other paper in such manner as to subject the note to the terms of such paper, and producing uncertainty as to the

amount which will be due on the note at any given time or as to the time or method of payment, destroys the negotiability of the note. 8 Corpus Juris, page 200; 3 Ruling Case Law, page 870; 1 Daniel on Negotiable Instruments (7th Ed.), page 54; *Cornish* v. *Woolverton*, (Mont.) 108 A. S. R. 598; *Brooke* v. *Struthers*, (Mich.) 68 N. W. 272, 35 L. R. A. 536; *Rieck* v. *Daigle*, (N. D.) 117 N. W. 346; *Verner* v. *White*, (Ala.) 108 So. 369; Annotations, 14 A. L. R., page 1126; 33 A. L. R., page 1174; *Cushing* v. *Field*, 70 Me. 50; *Costelo* v. *Crowell*, 127 Mass. 293.

So, we reach the conclusion that the note at bar is a non-negotiable instrument. On this basis, what is the obligation of the indorser?

If an indorsement of a non-negotiable note is made before delivery, as at bar, "the law holds that the indorser is *prima facie* an original promisor or guarantor, as the payee may elect, on the legal presumption that one who indorses, at the time it is made, a note not made payable to him, thereby indicates an intention to bind himself for the payment of it in some form, and that, if in such case, he has failed to indicate in what form he intends to bind himself, it is fair to presume that he intended to be bound in any manner that the payee might elect." *Young* v. *Sehon*, 53 W. Va. 127, 131, 44 S. E. 136.

In *Long* v. *Campbell*, 37 W. Va. 665, 673, 17 S. E. 197, it is held that makers and indorsers of a non-negotiable note may not be jointly sued where the payee elects to treat the indorsers as guarantors, but where he elects to treat them as makers, all obligors of the note may be sued together. In that case the right of the holder of the note to elect the capacity in which he will treat the indorsers, whether as makers or guarantors, is expressly recognized. The case of *Orrick* v. *Colston*, 7 Gratt. 189, 198, holds that an indorsement in blank of a non-negotiable note is presumed to have been made with intent to give strength and credit to the paper; that from the nature of the instrument the indorser has not "subjected himself to the liabilities, or entitled himself to the privileges, which attach to the endorser of paper strictly com-

mercial. And as, of the only other contracts, having reference to the note on the face of the paper, which could be fairly predicated of the blank signature on the back, viz: an absolute and direct promise to pay, or a collateral guaranty, it would be just as fair to presume the one as the other; it would, I think, be reasonable further to infer, that the person so endorsing in blank intended to leave it in the power of the payee to elect in which of the two aspects he would hold him bound."

"Where the note is not negotiable, they (pertinent cases) would seem to maintain, with little diversity, that such an indorsement in blank, made at the time of the note, will make the indorser liable as an original promisor or maker of the note; and the payee may write a promise to pay the amount of the note, expressing it to be for value received, over the blank signature." *Powell* v. *Commonwealth*, 11 Gratt. 822, 827. "Where a person signs his name, in blank, on the back of a non-negotiable note before delivery, he may be held as maker or guarantor, at the election of the holder, in the absence of a special agreement." *Brown* v. *Cook*, 77 W. Va. 356, 87 S. E. 454.

In an action against such indorser, he should be charged as maker or guarantor, according to the intention of the holder. *Kidd* v. *Beckley*, 64 W. Va. 80, 60 S. E. 1089. Such election was not expressly set forth in the notice in the action at bar, but the nature of the proceeding permits of no other deduction than that the plaintiff intended to proceed against the indorser on the basis of his broadest liability. A notice of motion for judgment is a non-technical proceeding and not subject to common law rules. *Kelley Co.* v. *Phillips*, 102 W. Va. 85, 134 S. E. 469. The fact that the indorser is sued jointly with the makers is sufficient to show that the holder elected to treat the indorser as a maker. *Kidd* v. *Beckley, supra.* If the plaintiff had elected to proceed against the indorser as a guarantor, a separate action would have been necessary. *Long* v. *Campbell, supra.*

The indorser, Crouch, having been charged with the liability of a maker of the note, and the court having

found against him on the issues joined, the query arises as to the extent of his liability. On his plea that there was a contemporaneous oral agreement between him and the plaintiff that his liability should be only $200.00, the court made an express finding against him. There is no proper basis on which we could disturb that finding of fact.

We are of opinion that the indorser, in the status of joint maker of the note, is subject to exactly the same liability as the persons who borrowed the money and signed the note on its face. Their obligation was determined in accordance with the requirements of the note, the deed of trust, and of the constitution and by-laws of the building and loan association. By signing his name in blank on the back of the note, the indorser undertook to stand shoulder to shoulder with the borrowers. His responsibility must therefore be ascertained in the same manner as theirs. The trial court so found. The judgment against Crouch was computed by deducting from the amount of the borrowers' unpaid balance of the debt the amount which he had paid into court. We perceive no error in the result. Therefore, we affirm the judgment.

*Affirmed.*