## CIRCUIT COURT OF FAIRFAX COUNTY

Riselli

v.

William J. Veigel

February 22, 1995

Case No. (Law) 132397

BY JUDGE THOMAS A. FORTKORT

This case was taken under advisement on February 17, 1995, to consider the defendant's motion to dismiss. This is a personal injury auto accident case which was filed on May 20, 1994, alleging defendant's negligence in an accident which occurred on May 23, 1992. Service upon "William J. Veigel" was effected by posting at his Old Keene Mill Road address, the same address listed on the police report.

On November 16, 1994, Veigel filed a Grounds of Defense. On December 29, 1994, "William J. Veigel" was again served by posting at an address in Manassas. On January 19, 1995, he filed by counsel a Grounds of Defense identical to that filed on November 16.

Now Veigel moves for dismissal of the suit, arguing that he is not the correct party-defendant; that William J. Veigel, III, is the person involved in the accident; and that since the wrong party has been named and the real party-defendant was never served, the suit should be dismissed.

Riselli replies that the William J. Veigel served with process in Fairfax and in Manassas is the actual and correct party-defendant. Moreover, the omission of the suffix "III" at the end of Veigel's name is harmless, the designation being surplusage.

This Court agrees that service was properly made, and denies the motion to dismiss. There is no dispute that the motion for judgment was timely filed within the two-year statute of limitations. After this timely filing, the plaintiff has one year within which to effect service on the defendant. See Rule 3:3. Therefore, defendant's argument that the service effected in Manassas was outside of the two year statute of limitations is

without merit. The service was effected within one year of the filing of the suit, first at the address listed on the police report, then at the address discovered by the plaintiff to be the correct address.

As to the failure of the motion for judgment to include the designation "III" after the defendant's name, this Court believes that the suffix is mere surplusage. Apparently the only Virginia case which comes close to the point is *O'Bannon v. Saunders*, 65 Va. (24 Gratt.) 138 (1873).[1] There, in a judgment on a debt, the descriptive "Jr." was omitted from the declaration. The court held that " 'Jr.' is no part of the name, but a mere *descriptio personae*, and may be rejected as surplusage." *O'Bannon* at 146. The court then listed many common law precedents for its holding. Similar cases in West Virginia have held that a proper name consists of the Christian name and surname, *Slingluff v. Gainer*, 49 W. Va. 7, 37 S.E. 771 (1901), and that middle names or initials are no part of a name and may be omitted without prejudice. *Long v. Campbell*, 37 W. Va. 665, 17 S.E. 197 (1893).

This Court believes this is a sound view. Turning to the case at hand, the defendant maintains he was not involved in the accident and is the wrong party. The plaintiff maintains he is the correct party and has properly served him. The omission of "III" from his name in the motion for judgment should not bar the plaintiff from proceeding with her case. She will have to carry the burden of proving at trial that she has named the proper defendant. It is enough at this stage of the proceedings that she has named and properly served the person she claims is the correct defendant.

The motion to dismiss is denied.

---

[1] Subsequently, the reasoning of *O'Bannon* was applied in *Bassett v. Commonwealth*, 222 Va. 855 (1981), which held that a similar defect in the name of a victim in a criminal case was not cognizable error. Although the circumstances of that case are different from the present one, the Supreme Court there did indicate its approval of the *O'Bannon* reasoning by favorably citing the case on this point.